Ryan P. Atkinson, #10673
Michael F. Wunderli, #16991
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
ratkinson@strongandhanni.com
mwunderli@strongandhanni.com
*Attorneys for Defendant American Family Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GAVIN DON GEORGE, | PETITION FOR REMOVAL |
| Plaintiff, | |
| vs. | Case No. 1:23-cv-00088-TS |
| AMERICAN FAMILY INSURANCE COMPANY, | Judge Ted Stewart |
| Defendant, | |

Defendant American Family Insurance Company ("American Family") moves the Court for an order permitting removal of the above-entitled action from the Second District Court-Farmington, State of Utah, Case No. 230700783, to this Court.

## RELIEF REQUESTED AND GROUNDS

Per federal statute, American Family has to the right to litigate the action filed against it by Gavin Don George so long as (1) the amount in controversy is over $75,000 and (2) American Family has complete diversity with Plaintiff, meaning Plaintiff is a Utah citizen but American Family is not. 28 U.S.C. § 1441(a), 1332(a)(1). American Family has the right to remove to this Court for at least the reasons discussed below. Should the Court conclude that the right to remove

is not established, it should permit American Family to conduct limited discovery to establish jurisdiction.

## FACTS

1. Plaintiff filed his Complaint in the Second District of Utah on July 13, 2023. *See* Complaint, attached hereto as Exhibit A.

2. Service of Plaintiff's Complaint was completed on July 17, 2023. *See* Summons, attached hereto as Exhibit B.

3. American Family filed a Notice of Removal on 08/04/2023, within thirty days of service of the Complaint. *See* Notice of Removal, attached hereto as Exhibit C.

4. Plaintiff alleges in his Complaint that American Family breached the insurance contract by failing to reasonably investigate Plaintiff's injuries and medical treatment from the underlying accident. *See* Exhibit A.

5. Additionally, Plaintiff alleges that American Family acted in bad faith. *Id.*

6. As a result of American Family's alleged breach of the contract and bad faith, Plaintiff asserts that he has suffered damages exceeding $300,000, and is additionally entitled to attorney's fees and costs. *Id.*

7. Plaintiff asserts that he is a resident of Davis County, Utah. *Id.*

8. However, Plaintiff only asserts that American Family does business in Utah, and has significant contacts with the State of Utah. *Id.*

9. American Family is an insurance company incorporated in the State of Wisconsin, and its principal place of business, registered office, and registered agent are all located in Wisconsin.

## ARGUMENT

The Court should enter an order stating that American Family may remove the above-entitled case to this Court because the amount in controversy is above $75,000 and there is completed diversity of citizenship between Plaintiff and American Family. Alternatively, if the Court were to conclude that the jurisdictional prerequisites have not been sufficiently shown, the Court should grant American Family leave to conduct limited discovery to establish this Court's jurisdiction.

Per federal statute, a civil action filed in state court may be removed to a federal district court if it is a type of civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One type of civil action over which federal district courts have original jurisdiction is "where the matter in controversy exceeds the sum or value of $75,000" and the matter is between "citizens of different [diverse] states." *Id*. § 1332(a)(1). For purposes of determining whether a corporation is a diverse party, the courts look at the corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business is described as the place where the corporation's officers direct, control, and coordinate the corporation's activities, or otherwise called the "nerve center." *Id*. at 93.

The idea behind providing diversity jurisdiction is to protect an out-of-state defendant from potential prejudice within a state-run judicial system. *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). Logically, therefore, a federal district court does not have diversity of jurisdiction when a defendant "is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2).

A defendant desiring to remove to federal court accomplishes the removal by filing in federal court, within 30 days of service of the complaint, "a notice of removal… containing a short

and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders." 28 U.S.C. § 1446(a)-(b). Per the Utah federal district court's local rules, the notice of removal must also contain "a current copy of the state court docket sheet" and "a current copy of the scheduling order or notice of event due dates, if available." DUCivR 81-2(a)(2)(A)-(B). In the case at hand, the Notice of Removal contains all required information and was filed within 30 days of service on 08/04/2023.

**Amount in Controversy:** Plaintiff filed this action under Tier 3 of Rule 26 of the Utah Rules of Civil Procedure. This means he claims his damages are at least $300,000. Plaintiff claims he is entitled to underinsured motorist coverage, as well as attorney's fees, and other economic damages stemming from American Family's alleged bad faith dealings. When the extent of the asserted damages is considered, this case presents an amount in controversy over $75,000.

**Complete Diversity:** To determine if there is complete diversity between Plaintiff and American Family, the Court should consider the citizenship of the parties at the time the action was commenced and at the time of removal. At both times, Plaintiff resided in Utah. And, at both times, American Family, was and remains a corporation with its principal place of business in Wisconsin. There is complete diversity in this case.

**Limited Discovery:** If the Court were to determine that either the amount in controversy or complete diversity is insufficiently established, the Court should grant American Family leave to conduct limited discovery to establish the jurisdictional prerequisites.

## **CONCLUSION**

The Court should grant American Family's Petition for Removal and allow the removal of the above-entitled case from state court to federal court. Diversity jurisdiction has been established, and therefore removal is appropriate.

DATED this ___ day of _____, 2023.

STRONG & HANNI

*/s/*
By: _____
Ryan P. Atkinson
Michael F. Wunderli
*Attorneys for Defendant American Family Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PETITION FOR REMOVAL** was sent by the method indicated below on the _____ day of August, 2023, to the following:

| | | |
|---|---|---|
| Blake W. Johnson | (X) | CM/ECF Filing |
| JOHNSON | LIVINGSTON, PLLC | ( ) | U. S. Mail, Postage Prepaid |
| 195 S. Orem Blvd., Suite I | ( ) | Hand Delivered |
| Orem, UT 84058 | ( ) | Overnight Mail |
| blake@johnsonlivingston.com | ( ) | Email |
| *Attorneys for Plaintiffs* | | |

/s/ _____

6